**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRIAN NASH**,<br><br>Plaintiff,<br><br>v.<br><br>**NEAR NORTH AMERICA, INC.;** *et al.*,<br><br>Defendants. | Civil Action No. 24-6623 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon Plaintiff Brian Nash's ("Plaintiff") Brief to Show Cause and Motion for Reconsideration (the "Motion"). (ECF No. 20.) Defendants Laurent Castaillac ("Castaillac") and Gladys Kong ("Kong") (collectively, "Defendants")[1] filed a brief in opposition ("Opp'n Br."). (ECF No. 21.)

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Plaintiff's Motion. As a result, this matter will be transferred to the Central District of California pursuant to 28 U.S.C. § 1631.

**I. BACKGROUND AND PROCEDURAL HISTORY**

  The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motion. For a comprehensive review

---

[1] The Complaint names four additional defendants, but they were dismissed by the Superior Court of New Jersey, Monmouth County prior to the case's removal. (ECF No. 1-5.)

of the factual history, reference is made to *Nash v. Near North America, Inc. et al.*, Civ. No. 24-6623, 2025 WL 654051, at *1–2 (D.N.J. Feb. 28, 2025) (denying motion to dismiss and ordering Plaintiff to show cause why matter should not be transferred), of which Plaintiff now seeks reconsideration. (*See* ECF No. 20.)

On February 28, 2025, this Court found that it lacks personal jurisdiction over Defendants. (the "February 28 Opinion") (ECF No. 16.) As a result, the Court denied Defendants' Motion to Dismiss and ordered Plaintiff to "show cause why this matter should not be transferred under 28 U.S.C. § 1631." (*Id.* at 1.) On March 13, 2025, Plaintiff filed his "Brief to Show Cause Why This Case Should Not Be Transferred and in Support of His Motion for Reconsideration" ("Moving Brief"). (ECF No. 20-1.) Defendants filed a memorandum of law in response. (ECF No. 21.)

II. **SUBJECT MATTER JURISDICTION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse and the value of the controversy exceeds $75,000.

III. **MOTION FOR RECONSIDERATION**

Plaintiff argues that reconsideration is warranted because the February 28 Opinion "overlooked critical facts when it found it lacked jurisdiction over the [Defendants]." (Moving Br. at 8.) For the reasons that follow, the Court finds that Plaintiff fails to meet the standard for reconsideration.

A. **LEGAL STANDARD**

Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc.*

*v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To demonstrate a clear error, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed. *Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Mere "disagreement with the Court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, nor is it an opportunity to ask the Court to rethink what it has already thought through. *See Peoplestrategy, Inc. v. Lively Emp. Serv., Inc.*, Civ. No. 20-2640, 2020 WL 7237930, *6 (D.N.J. 2020).

    **B.**    **DISCUSSION OF RECONSIDERATION**

Plaintiff asserts that "[t]he Court's determination that Plaintiff failed to establish a prima facie case of personal jurisdiction over the . . . Defendants overlooked critical evidence that supports a finding of personal jurisdiction under controlling precedent." (Moving Br. at 1, 8–9.)

However, Plaintiff contends this "critical evidence" "is in the possession of the . . . Defendants, not Plaintiff." (*Id.* at 9.)

Plaintiff's Motion fails.[2]

He does not offer any new evidence or raise an error of law to support his motion. Instead, Plaintiff simply rehashed variations of arguments already made before this Court. (*See* Moving Br. at 8–15; *see generally* ECF No. 14.) Furthermore, Plaintiff asserts that "[c]ertain evidence" that would establish personal jurisdiction "is in the possession of the . . . Defendants"—but he fails to identify what that "certain evidence" actually consists of. (*Id.* at 9.) Plaintiff then criticizes the Court's analysis regarding the fact that Kong interviewed Plaintiff in New Jersey, hired Plaintiff via a letter sent to Plaintiff's address in New Jersey, and hired Plaintiff in part because of his access to New York City, apparently taking issue that this analysis was provided "in a footnote." (*Id.* at 10) (*see also id.* at 10 n.3) ("The Court did not consider that fact in its analysis except in footnote 3.")

Furthermore, Plaintiff claims that courts in this district have found that similar contacts, such as "communicating a termination decision to a plaintiff in New Jersey, established personal jurisdiction." (*Id.* at 11.) Plaintiff once again cites to *Chadwick v. St. James Smokehouse, Inc.*, Civ. No. 14-2708, 2015 WL 1399121 (D.N.J. Mar. 26, 2015), *Castoria v. Berlin Int'l Colo., LLC*, Civ. No. 16-1704, 2018 WL 3000173 (D.N.J. Jun. 14, 2018), and *Rogers v. Kasahara*, Civ. No. 06-2033, 2006 WL 6312904 (D.N.J. Oct. 16, 2006)—three cases Plaintiff already cited to in his Opposition Brief to his Motion to Dismiss and three cases this Court already considered in drafting its February 28 Opinion.

---

[2] The Court notices that Plaintiff repeatedly cites the motion to dismiss standard, not the appropriate motion for reconsideration or order to show cause standard. Regardless, Plaintiff does not meet the appropriate standards for a motion for reconsideration or order to show cause.

4

Plaintiff then asserts that the fact that the Defendants "acted in their corporate capacity does not automatically preclude personal jurisdiction," as the "Third Circuit does not recognize the 'fiduciary shield doctrine.'" (Moving Br. at 11.) But, when outlining the limited application of the fiduciary shield doctrine, the *Acteon* court explained that "a defendant's contacts with the forum state made in his corporate capacity [may] be considered in the personal jurisdiction analysis . . . if the facts alleged support[] individual liability." *Acteon, Inc. v. Vista Dental Prod.*, Civ. No. 05-3847, 2006 WL 1207999, at *3 (D.N.J. 2006). Only in those specific circumstances may "actions taken by an individual defendant in his 'corporate capacity' within New Jersey . . . be imputed to the defendant corporate officer individually." *Id.* And, as Defendants highlight in their Opposition Brief, "[n]othing in *Acteon* overrules the general rule that 'an individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity.'" (Opp'n Br. at 5 (citing *Norben Imp. Corp. v. Metro. Plant & Flower Corp.*, Civ. No. 05-54, 2005 WL 1677479, at *5 (D.N.J. 2011).) Just because the corporate entity itself may be subject to personal jurisdiction does not necessarily impute personal jurisdiction over a corporate officer. *Norben Imp. Corp.*, 2005 WL 1677479, at *5.

Next, Plaintiff contends that "[b]ecause the Court failed to consider the totality of the circumstances," the Court "erroneously relied on cases that are factually distinguishable" and thus "tainted the Court's *Calder* analysis." (Moving Br. at 13–14.) Again, this was addressed in the Court's February 28 Opinion. "[T]he minimum contacts analysis, even under *Calder*, must relate to the 'defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there' and that 'the plaintiff cannot be the only link between the defendant and the forum.'" *Tripp v. Ascentage Pharma Grp. Int'l*, Civ. No. 22-5934, 2023 WL 5425506, at *4 (D.N.J. Aug. 23, 2023); *see also Walburn v. Rovema Packaging Machs., L.P.*, Civ. No. 07-3692,

5

2008 WL 852443, at *7 (D.N.J. Mar. 28, 2008) (explaining that *Calder* cannot be met when based on the plaintiff's location in the forum state because then "jurisdiction in intentional tort cases would always be appropriate in the plaintiff's home state since the plaintiff would always feel the impact of the tort there."). Regardless, mere "disagreement with the Court's decision" is insufficient. *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352.

A motion for reconsideration "constitutes an extremely limited procedural vehicle, and does not provide the parties with an opportunity for a second bite at the apple, . . . nor a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision." *Grant v. Revera Inc./Revera Health Sys.*, Civ. No. 12-5857, 2015 WL 794992, at *2 (D.N.J. Feb. 24, 2015) (internal citations and quotations omitted). As Plaintiff is unable to show any manifest errors of law or fact in the February 28 Opinion or present any new evidence, this Court will deny Plaintiff's Motion.

## IV.     JURISDICTIONAL DISCOVERY

Plaintiff asks for jurisdictional discovery so that he may ascertain the full extent of Defendants' relevant contacts with the forum. Specifically, he seeks discovery, "including depositions," to establish Defendants' connections to New Jersey. (Moving Br. at 9.) Jurisdictional discovery, however, is ordinarily allowed only where "factual issues" persist that further discovery may help clarify. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018) (citing *Metcalfe v. Renaissance Marine, Inc.*, 556 F.3d 324, 331, 336 (3d Cir. 2018). In other words, jurisdictional discovery is only appropriate where it is not clearly frivolous. *Metcalfe*, 566 F.3d at 335–36. "Jurisdictional discovery is not a license for the parties to engage in a 'fishing expedition.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 353 (3d Cir. 2016) (quoting *Lincoln Benefit Life Ins. Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2016)).

The Court will deny Plaintiff's request for jurisdictional discovery. As the Court repeated notes above, Plaintiff's allegations fail to establish that this Court's exercise of personal jurisdiction is appropriate. Moreover, Plaintiff supplies no caselaw to support permitting jurisdictional discovery here. *See Canon Fin. Servs., Inc. v. ServeCo N. Am., LLC*, Civ. No. 19-17910, 2020 WL 4035460, at *6 (D.N.J. July 16, 2020) (finding that a plaintiff's failure to cite any relevant caselaw to support why a certain contact established personal jurisdiction reflected a failure by plaintiff to carry its burden of establishing that the Court's exercise of personal jurisdiction was appropriate); *McClung v. 3M Co.*, Civ. No. 16-2301, 2019 WL 4669053, at *8 (D.N.J. Sept. 25, 2019) (finding that where a plaintiff fails to provide any caselaw to establish why a contact justifies the exercise of personal jurisdiction, such failure "skirts" the plaintiff's burden, and noting that it is not the Court's responsibility to find caselaw to support a plaintiff's specific jurisdiction contentions).

Moreover, seeking factual discovery though depositions and other means is of no help when the jurisdictional issue cannot be resolved by exploring factual disputes. Here, Plaintiff fails to carry his burden of convincing the Court that personal jurisdiction is or might be proper. As such, jurisdictional discovery is not appropriate, and Plaintiff's request to engage in it is denied.

**V.      TRANSFER**

In the February 28 Opinion, this Court ordered Plaintiff "to show cause why this matter should not be transferred under 28 U.S.C. § 1631." (Feb. 28 Opinion at 1). Plaintiff does not articulate any argument as to why this matter should not be transferred apart from the arguments he makes in furtherance of his Motion to Reconsider.

## A. LEGAL STANDARD

According to 28 U.S.C. § 1631, if a district court finds that it lacks jurisdiction over an action, it must, "if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Thus, to effect a transfer pursuant to § 1631, the Court must find (1) that the action "could have been brought" in the transferee district and (2) that transfer is in the interest of justice. *See, e.g., D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109 (3d Cir. 2009).

Although it is a plaintiff's burden to establish that a court has proper personal jurisdiction over a defendant, "[i]n the preliminary stages of the litigation . . . that burden is light." *Id.* at 110 (alteration in original) (quoting *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). A plaintiff is required to establish only a "prima facie showing of jurisdiction." *Id.* As for § 1631's second requirement, transfer will often be in the interest of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); *see also Edwards v. Leach Int'l*, Civ. No. 15-321, 2015 WL 7295440, at *2 (D. Del. Nov. 18, 2015) (adding that "the presumption in favor of transfer can be rebutted if transfer would 'unfairly benefit the proponent,' 'impose an unwarranted hardship on an objector,' or 'unduly burden the judicial system'" (internal citations and quotations omitted)).

## B. DISCUSSION OF TRANSFER

According to 28 U.S.C. § 1631, if a district court finds that it lacks jurisdiction over an action, it must, "transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."

        1.       <u>The Action Could Have Been Brought in the Central District of California[3] at the Time it was Originally Filed</u>

To satisfy the first prong of the transfer venue inquiry, the Court must find that the transferee court has: (1) subject matter jurisdiction; (2) proper venue; and (3) personal jurisdiction. *Am. Fin. Res., Inc. v. Smouse*, Civ. No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018) (citing 17 Moore's Federal Practice § 111.53). First, as to subject matter jurisdiction, Plaintiff brings his claims in federal court under diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges damages exceeding $75,000.00. Plaintiff is a resident of New Jersey, and Defendants are citizens of California. Therefore, the facts as alleged in the Complaint demonstrate that the Central District of California would have subject matter over this action pursuant to 28 U.S.C. § 1332.

Second, venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1). Here, both Defendants are residents of California. (Opp'n Br. at 9.) Venue is therefore proper in the Central District of California.

Finally, as to personal jurisdiction, California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). General personal jurisdiction exists when a defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446–47 (1952); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir.

---

[3] It is worth noting that in response to the Order to Show Cause, Plaintiff conceded that the Central District of California is an appropriate alternative forum for this matter. (Moving Br. at 15 n.5.) Defendants did not object to that district in their response.

1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). For specific personal jurisdiction, a suit need not "arise out of" a defendant's forum contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021). All that is required is that the suit "*relate* to the defendant's contacts with the forum." *Id.* (emphasis in original).

A defendant is subject to jurisdiction in California if he or she maintains a business office in the state or operates or engages in business in California. *McComb v. Vejar*, Civ. No. 14-941, 2014 WL 5494017, at *4 (C.D. Cal. Oct. 28, 2014). Here, Defendants engage in business in California. (*See* Complaint (ECF No. 1-1) ¶¶ 33, 35–37.) The Central District of California would therefore have personal jurisdiction over Defendants. Accordingly, the third prong of the transfer venue analysis is also satisfied.

        2.        <u>Transfer is in the Interests of Justice</u>

Having found the Central District of California is proper, the Court next considers whether the interests of justice favor the transfer by weighing convenience and fairness on a case-by-case basis. *See D'Jamoos*, 566 F.3d at 110.

Plaintiff argues that transfer is "manifestly unjust," but fails to point to any specific harms or injustices he would experience if the matter were transferred to California. Defendants assert the opposite: that "[r]equiring two California residents to defend themselves in New Jersey, a place they have never worked or lived and have almost never even visited[] would offend traditional notions of fair play and substantial justice far more." (Opp'n Br. at 9–10.)

Determining where the interest of justice lies is left to a district court's discretion. *Kim v. Korean Air Lines Co., Ltd.*, 513 F. Supp. 3d 462, 476 (D.N.J. 2021) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) ("Since the term 'interests of justice' is vague, district courts have a good deal of discretion in deciding whether to transfer a case.") (collecting cases from the Fourth, Eighth, and Ninth Circuits)); *see also Roberts v. United States*, 710 F. App'x 512, 514 (3d Cir. 2017) (per curiam). When jurisdiction is clearly available in another court, as here, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, Civ. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020) (alteration and citation omitted). For the reasons stated, a transfer rather than dismissal is in the interests of justice.

## VI.  CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion for Reconsideration. This matter will be transferred to the Central District of California pursuant to 28 U.S.C. § 1631. An appropriate Order will follow.

Date: October 17, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
